IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HIGHMARK RIVER RETREAT, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:25-cv-00305 ) Judge Trauger |
| IAKIA-PALMER, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On March 3, 2025, plaintiff Highmark River Retreat, L.P., as landlord, filed a detainer warrant in Davidson County General Sessions Court, claiming a right to possess real property being unlawfully detained by the tenant, defendant Iakia-Palmer. (Doc. No. 1-1 at 2.) On March 18, 2025, the defendant filed a Notice of Removal of the detainer action to this court (Doc. No. 1) and paid the civil filing fee (Doc. No. 1-2). As grounds for the removal, the defendant pleads federal-question jurisdiction over the case because the plaintiff has asserted a claim in equity, and under Article III, Section 2, Clause 1 of the U.S. Constitution, "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority[.]" U.S. Const. art. III, § 2, cl. 1; *see* Doc. No. 1 at 2.

The plaintiff has now filed an Expedited Motion to Remand for Lack of Subject Matter Jurisdiction. (Doc. No. 6.)

Though the filing fee has been paid, the case cannot proceed unless the court is assured of its subject-matter jurisdiction under the removal statutes, 28 U.S.C. § 1441 *et seq.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." *Id.* § 1447(c). As explained below, the removal in this case was improper, and remand is therefore required, because the court lacks subject-matter jurisdiction over this detainer action.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The fact that the federal judicial power extends to cases in equity, *see* U.S. Const. art. III, § 2, cl. 1, does not mean that all cases seeking an equitable remedy arise under federal law or present a federal question. The power to hear cases in equity that arise under federal law "is not self-executing," *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986); a separate federal constitutional provision, statute, or treaty must be invoked or implicated as the mechanism for bringing the federal courts' equitable powers to bear. Hence, "the question whether a claim 'arises under' federal law"—including for purposes of removal jurisdiction—is not determined by the federal courts' power to hear it but "by reference to the 'well-pleaded complaint.'" *Id.* at 808 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983)).

The well-pleaded complaint in this case clearly does not assert any claim arising under federal law. It is "a one-page Detainer Warrant form used by [Davidson] County for simple forcible detainer or unlawful detainer actions . . . brought pursuant to T.C.A. § 29-18-101 *et seq.*" *Fed. Nat. Mort. Ass'n v. Rummo*, No. 13-2702-STA-TMP, 2013 WL 6843083, at *3 (W.D. Tenn. Dec. 27, 2013). Nothing on its face invokes or implicates federal law in any way. Consequently, this case

between a Tennessee limited partnership and a Tennessee resident (*see* Doc. No. 6 at 2) is not removable. *See id.*; *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (stating that case involving non-diverse parties is not removable unless "a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law"). Remand is therefore required.

In sum, the court lacks jurisdiction over this removed action. The plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED** and the action is **REMANDED** to the Davidson County General Sessions Court. 28 U.S.C. § 1447(c). The Clerk **SHALL** mail a certified copy of this Memorandum and Order to the General Sessions Court Clerk. *Id.*

This case in this court is closed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge