IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HIGHMARK RIVER RETREAT, L.P., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:25-cv-00305 ) Judge Trauger |
| IAKIA-PALMER, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 23, 2025, the court remanded this improvidently removed detainer action to Davidson County General Sessions Court, finding that the pro se defendant's Notice of Removal did not establish that any federal question was pled in Highmark River Retreat, L.P.'s state-court complaint. (Doc. No. 7.) The court's remand order was issued after plaintiff Highmark filed an Expedited Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. No. 6), which the court granted.

On October 20, 2025, the pro se defendant filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (Doc. No. 8), supported by a memorandum of law and defendant's affidavit (Doc. No. 9). The defendant argues in these filings that the court erred in ordering remand without giving her an opportunity to respond to Highmark's motion to remand, which was not served upon her, resulting in "manifest injustice requiring correction in equity." (Doc. No. 9 at 1.)

The defendant's Motion to Alter or Amend was filed within 28 days of the entry of the remand order and is therefore timely under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (allowing "[a] motion to alter or amend a judgment . . . [if] filed no later than 28 days after the entry of the

judgment"); *see also Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments). However, subject to two exceptions not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*[.]" 28 U.S.C. § 1447(d) (emphasis added). Courts have construed this provision "as precluding further reconsideration or review" in the district court of an order of remand, since remand "divests the district court of any further jurisdiction over the case." *Bank of New York Mellon v. Ackerman*, 949 F.3d 268, 269 (6th Cir. 2020) (finding that "the case law strongly suggests that the district court correctly held that it lacked jurisdiction" to reconsider its remand order); *see In re La Providencia Dev. Corp.*, 406 F.2d 251, 252–53 (1st Cir. 1969) ("[T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.' The district court has one shot, right or wrong.").

Even if the court had jurisdiction to consider the Rule 59(e) motion, the case would not be reopened. "Because Defendant[] already made [the] argument for federal question jurisdiction in the Notice [of Removal], and because the Court has an independent obligation to determine its subject matter jurisdiction in every case, the Court [need] not [have] await[ed] Defendant's response to Plaintiff's Emergency Motion [to remand]" on subject-matter jurisdiction grounds before returning the case to state court. *Kingman Hosp. Inc. v. Purdue Pharma LP*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *1 (D. Ariz. Aug. 27, 2019). As found in the court's order of remand, Highmark's well-pleaded complaint—"a one-page Detainer Warrant form" intended for use in General Sessions Court—clearly did not support federal-question jurisdiction, and the parties are not of diverse citizenship. (Doc. No. 7 at 2–3.) Remand was therefore required. 28

U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For these reasons, the defendant's Motion to Alter or Amend Judgment (Doc. No. 8) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge